U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 22 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

---

| | |
|---|---|
| JUDY MARIE THOMAS, individually and on behalf of others similarly situated | CIVIL ACTION NO: 09-0888 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA, L.P. AND CHESAPEAKE OPERATING, INC. | MAGISTRATE JUDGE HORNSBY |

---

## ORDER

Before the Court is a Motion to Certify Class Action filed by the Plaintiff, Judy Marie Thomas. [Doc. #20]. Defendants, Chesapeake Louisiana, L.P. and Chesapeake Operating Inc., oppose this motion. [Doc. #22].

The Court may only grant class certification if a party meets all four requirements of Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy of representation), as well as the requirements of Rule 23(b)(1), (2), or (3). *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). It is the party seeking certification which bears the burden of establishing that the requirements of FRCP 23 have been met. *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737-738 (5th Cir. 2003).

Upon due consideration, the Court finds that the proposed class fails to meet all of the requirements for certification. The proposed class includes *all individuals owning mineral rights in the Haynesville Shale Play who executed an "Agreement to Lease" with the Defendants.* [Doc. #20-1 at 8]. (emphasis added). Plaintiff seeks a declaratory judgment by the Court interpreting language of the "Agreement to Lease" as well as a declaration of specific performance. As the proposed representative of the class, Plaintiff asserts that she and hundreds of individual landowners

(who formed a loose knit organization to negotiate with Defendants known as the "Go Getters") each signed an identical "Agreement to Lease" contract with the Defendants. The Complaint asserts that the Defendants failed to engage in negotiations with the Plaintiff and the other individual landowners with the ultimate goal of executing mineral leases as contemplated by the "Agreement to Lease".

It is the opinion of the Court that even if all the members of the proposed class signed identical "Agreement to Lease" forms, it will be necessary in the course of a trial to examine the specific circumstances of the relationship between each individual landowner and the Defendants to determine whether a declaration of specific performance is appropriate. The Court will not engage in a series of mini-trials within the framework of a class action suit. *See Gene and Gene*, 541 F.3d at 328-329.

Plaintiff's motion [Doc. #20] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 22 day of March, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE