

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JUDY MARIE THOMAS | CIVIL ACTION NO: 09-0888 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA, L.P. AND CHESAPEAKE OPERATING, INC. | MAGISTRATE JUDGE HORNSBY |

## **ORDER**

Before the Court is a Motion to Remand [Docs. #6 and 7] timely filed by the Plaintiff, Judy Marie Thomas. Defendants, Chesapeake Louisiana, L.P. ("Chesapeake Louisiana") and Chesapeake Operating, Inc. ("Chesapeake Operating") filed a motion to continue the briefing deadline, which was granted by this Court. [Doc. #16]. Although Defendants have yet to file an opposition, the Court finds that a response is not necessary to render a decision on this issue.

### Introduction

Plaintiff originally filed suit in the First Judicial District Court for the Parish of Caddo, State of Louisiana. The Defendants removed the case claiming diversity jurisdiction under 28 U.S.C. §1332, and jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1453(b) ("CAFA").

Plaintiff asserts two theories in support of her motion to remand. First, that Chesapeake Louisiana is not a diverse party as required by 28 U.S.C. §1332. Alternatively, Plaintiff argues that the case should be remanded because the Defendants cannot meet the minimal jurisdictional amount under CAFA, and even if they could, that the Court should decline to exercise jurisdiction under CAFA's local controversy or home state exceptions. *See* 28 U.S.C. §1332(d)(4)(A) and (B).

1

A.  Diversity Jurisdiction

Plaintiff argues that Chesapeake Louisiana, and its limited partner, Chesapeake Energy Louisiana Corp., only develop business activities in Louisiana, and are therefore Louisiana citizens for the purposes of diversity. The citizenship of a partnership is determined by the citizenship of each of its partners. *International Paper Co. v. Denkmann Associates*, 116 F.3d 134 (5th Cir. 1997). Plaintiff cites the "total activity" test, which considers the "nature, location, importance, and purpose of the corporation's activities and the degree to which those activities bring the corporation into contact with the local community." *See J.A. Olson Co. v. City of Winona*, 818 F.2d 401 (5th Cir. 1987).

Given the recent opinion by the U.S. Supreme Court in *Hertz Corp. v. Friend*, 599 U.S. ___, 130 S.Ct. 1181 (2010), the determination of a corporation's citizenship for diversity purposes has become a more direct question. Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of the State of its incorporation and the State where it has its "principal place of business". The Supreme Court in *Hertz* recognized that the circuits (and sometimes even the courts within the same circuit) have had difficulty applying the various tests to determine the principal place of business of a corporation. *Id.* In an effort to provide a more uniform interpretation and greater predictability, the Supreme Court concluded that principal place of business refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, also known in some circuits as the corporation's "nerve center". *Id.*

Applying the new standard to the facts of this case and the evidence contained in the record introduced by both Plaintiff and Defendants, it is the finding of the Court that Chesapeake Louisiana is a diverse party. Although Plaintiff presented evidence that the Chesapeake Energy Corp.

2

(sometimes referred to as the "Chesapeake Group") has a regional office and field offices in Louisiana, this fact is not dispositive on the issue of Chesapeake Louisiana's citizenship. [Doc. #6, Ex. 1-4]. The Chesapeake Group has numerous related entities in several states, one of which is Chesapeake Louisiana.

Contained in the record is a Declaration by Mr. Brad Kemp, a Chesapeake Operating, Inc. employee who is responsible for all lease holdings in the state of Louisiana, and who is also familiar with the business structure and activities of Chesapeake Louisiana. [Doc. #19, Ex. A]. The declaration sets forth the following relevant facts: (1) Chesapeake Louisiana is a limited partnership organized under the laws of Oklahoma, (2) Chesapeake Louisiana's general partner, Chesapeake Operating, Inc., is a corporation organized under the laws of Oklahoma with a principal place of business in Oklahoma, (3) Chesapeake Louisiana's limited partner, Chesapeake Energy Louisiana Corp., is organized under the laws of Oklahoma with its principal place of business in Oklahoma, (4) Chesapeake Energy Louisiana Corp.'s sole activity is to hold passive interests in other Chesapeake entities, which takes place in its office in Oklahoma, (5) Chesapeake Louisiana does not have an office or employees in the state of Louisiana, (6) the purpose of Chesapeake Louisiana is to serve as an entity to hold leases acquired for mineral rights of Louisiana properties, (7) all policy-making decisions of Chesapeake Louisiana are made in Oklahoma by the senior management of its general partner, Chesapeake Operating, Inc., and (8) Chesapeake Louisiana's office in Oklahoma is the situs of all management activities, and the locus of all documents and records relating to the Louisiana mineral rights holdings.

Based on the foregoing, it is the finding of this Court that the nerve center, and thus the principal place of business of Chesapeake Energy Louisiana Corp. is in Oklahoma, and that

Chesapeake Louisiana is a citizen of Oklahoma.

B.     Class Action Fairness Act

The Defendants also removed this matter under the provisions of the Class Action Fairness Act. *See* 28 U.S.C. §§1332 and 1453. CAFA provides that federal courts now have jurisdiction over class actions if the claims exceed $5 million, there are at least 100 class members, and at least one plaintiff class member is diverse from at least one defendant. *See* 28 U.S. §1332(d).

Although the Court recently declined to certify a class in the matter, that development alone is not dispositive on the issue of jurisdiction. [*See* Doc. #36]. The Court's jurisdiction under CAFA attaches when the suit is properly removed to federal court, which invariably precedes certification. *See Cunningham Charter Corp. v Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010). Federal jurisdiction under CAFA is not dependent on class certification. *Id.*; citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009). Further, the Court may retain jurisdiction under CAFA even if a motion to certify class has been denied. *See Kitts v. Citgo Petroleum Corp.*, 2009 WL 192550 (W.D. La. 2009). It is a general principle that jurisdiction, once properly invoked, is not lost by developments after a suit is filed. *See Freeport-McMoran, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426 (1991).

The party removing the case need only to meet CAFA's threshold requirements. *Caruso v. Allstate Ins. Co.*, 469 F.Supp.2d 364, 366 (E.D. La. 2007). The party seeking remand has the burden of proving that a CAFA exception exists, thereby divesting the Court of subject matter jurisdiction. *See Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 548 F.Supp.2d 268, 271 (E.D. La. 2008).

After reviewing the Defendants' Notice of Removal [Doc. #1], it is the finding of this Court that the threshold requirements for CAFA removal were met. First, the Complaint states that there

are approximately 500 members of the proposed class, which is sufficient. [Doc. #1, Ex. 1]. Second, at least one plaintiff class member is diverse from at least one defendant. Plaintiff is a citizen of Louisiana, and as set forth *supra* Chesapeake Louisiana is a citizen of Oklahoma. Third, although Plaintiff argues otherwise in her Motion to Remand, the Complaint provides sufficient information to allow the Court to readily deduce that the claims exceed the minimal jurisdictional amount of $5 million. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

Plaintiff states in her Complaint that her damages are not substantially different from those of other members of the proposed class of 500 members. [Doc. #1, Ex. 1]. Attached to the Complaint is an example "Agreement to Lease" form executed by Plaintiff and by the other members of the class. The "Agreement to Lease" provides bonus consideration in the amount of $20,000. If each proposed class member's damages do not differ substantially from Plaintiff, and each signed a lease similar to the one provided offering a bonus of $20,000, damages would amount approximately to $10 million on the bonus payments alone, excluding any royalty payments that would potentially follow.

Alternatively, Plaintiff argues that even if the threshold requirements for CAFA jurisdiction are met that the case should be remanded under the local controversy exception or the home state exception. [See Doc. #6]. The local controversy exception to CAFA states that a district court shall decline to exercise jurisdiction when all of the following criteria are met:

    (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II)    at least one defendant is a defendant-

        (aa)    from whom significant relief is sought by members of the plaintiff class;

5

        (bb)    whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        (cc)    who is a citizen of the State in which the action was originally filed; and

(III)    principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

*Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810-811 (5th Cir. 2007); 28 U.S.C. §1332(d)(4)(A).

The home state exception requires that a district court decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. 1332(d)(4)(B).

Neither exception can be established in this case because it is the Court's finding that both Defendants are citizens of Oklahoma, not Louisiana.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 26 day of March, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE